UNITED STATES of America,
Appellee,

v.

Gordon MORGAN, Defendant–
Appellant,

No. 03–1316.

United States Court of Appeals,
Second Circuit.

Argued: Feb. 26, 2004.

Decided: Oct. 7, 2004.

Bruce R. Bryan, Syracuse, NY, for Defendant–Appellant.

Carolyn Pokorny, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, and Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, on the brief) for Appellee.

Before: STRAUB, POOLER and B.D. PARKER, Circuit Judges.

B.D. PARKER, JR., Circuit Judge.

Gordon Morgan appeals from a judgment of conviction of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*). Morgan was convicted, following his plea of guilty, of conspiring to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(C), and § 846. The District Court sentenced him principally to a term of 97 months' incarceration, a sentence within the stipulated Guidelines range in his plea agreement.

The plea agreement included standard language waiving the right to appeal such a sentence. Morgan contends that the waiver is unenforceable because it was not knowing and voluntary, and because his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Morgan further contends that the government acted with an unconstitutional motive in declining to move for downward departure under U.S.S.G. § 5K1.1, and that he received ineffective assistance of counsel. Because we conclude that Morgan's waiver was indeed knowing and voluntary, and that he received substantial benefits under the plea agreement, we enforce the waiver and dismiss the appeal with respect to Morgan's claim of an *Apprendi* violation. We further dismiss Morgan's ineffective assistance of counsel claim, and reject his claim that the government improperly refused to request a downward departure under § 5K1.1.

## BACKGROUND

Morgan was charged in a two-count indictment alleging that, between March 2000 and April 2001, he and others, including his wife: 1) conspired to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(C), and § 846; and 2) possessed with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). The indictment did not allege a specific quantity of marijuana.

According to Morgan's Presentence Investigation Report (PSR), Morgan was the leader of a bi-coastal narcotics distribution organization that was responsible for shipping wholesale amounts of marijuana from California to New York City. The PSR detailed the results of an investigation in which law enforcement authorities and UPS officials recovered marijuana shipped by Morgan. The PSR also included statements by Morgan's wife, who later became a fugitive, indicating that Morgan had arranged multiple interstate shipments of multiple packages of marijuana.

In June 2002, Morgan entered into a written agreement with the government to plead guilty to the conspiracy count. Although the agreement did not specify drug quantity, it set forth the statutory maxi-

mum and minimum imprisonment terms he faced, as well as the base offense level prescribed by the Guidelines for offenses involving at least 700 kg but less than 1,000 kg of marijuana. *See* U.S.S.G. § 2D1.1(c)(5). The agreement further explained that Morgan's adjusted offense level of 28 "carries a range of imprisonment of 97 to 121 months, assuming that the defendant falls within Criminal History Category III," and explicitly provided that Morgan "agrees to this Guidelines calculation." The following waiver provision was also included:

> The defendant will not (a) challenge the findings contained in the laboratory report or (b) file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a sentence of imprisonment of 121 months or below. This waiver is binding on the defendant even if the Court employs a Guidelines analysis different from that [provided in the agreement].

Prior to sentencing, Morgan informed the District Court that the government would be filing a U.S.S.G. § 5K1.1 motion for a downward departure based on his substantial assistance. The government, however, refused to furnish the letter or to move for the departure. Morgan then sought to compel the motion, citing his cooperation with the government in trying to locate his fugitive wife and asserting that the prosecution had misled him into believing that it would file such a motion. The government responded that no agreement to file a § 5K1.1 motion had been reached and that, in any event, Morgan had repeatedly lied about his wife's whereabouts.

The District Court rejected Morgan's efforts to obtain downward departure and calculated an adjusted offense level of 28, consistent with the terms of the plea agreement. The Court then sentenced Morgan to the bottom of the range stipulated in the agreement, 97 months' incarceration. Morgan appeals his sentence.

## DISCUSSION

On appeal, Morgan argues that the waiver provision in his plea agreement is unenforceable because his waiver was neither knowing nor voluntary. Morgan further contends that, even if the waiver was otherwise valid, it is unenforceable because: 1) his sentence was unconstitutional since it violated *Apprendi* by exceeding the statutory maximum applicable to his offense, 2) the government acted with an unconstitutional motive in refusing to move for downward departure pursuant to U.S.S.G. § 5K1.1, and 3) his trial counsel provided ineffective assistance. For the reasons discussed below, we find Morgan's arguments against enforcement of the waiver to be unpersuasive, and we also decline to consider his ineffective assistance of counsel claim.

### I. *Knowing and Voluntary Waiver*

■ Morgan claims that the waiver provision is unenforceable because the magistrate judge who conducted the plea proceeding did not explicitly mention the provision during the plea colloquy. *See* Fed.R.Crim.P. 11(b)(1)(N) (providing that the sentencing court "must inform the defendant of, and determine that the defendant understands, ... the terms of any plea-agreement provision waiving the right to appeal"); *United States v. Chen,* 127 F.3d 286, 290 (2d Cir.1997) (finding that the defendant did not waive his right to appeal, in part, because the magistrate judge failed to "identify the disputed waiver as part of the [Plea] Agreement"). Morgan further contends that the magistrate judge erroneously implied that he retained the right to appeal a sentence

below 121 months.[1] In light of these alleged errors, Morgan claims that the record does not clearly demonstrate that he knowingly and voluntarily waived his right to appeal. *See United States v. Martinez–Rios*, 143 F.3d 662, 668 (2d Cir. 1998) ("[W]e have stated that a waiver of the right to appeal should only be enforced by an appellate court if the record clearly demonstrates that the waiver was both knowing ... and voluntary.") (internal quotation marks omitted).

We find no merit to this contention. The magistrate discussed the waiver and its consequences at length, specifically cautioning Morgan that "[i]f you receive a prison sentence of 121 months or less ... you will have no right to take any appeal from any aspect of this case." Since the magistrate's discussion of the waiver occurred while he was explaining the terms of the plea agreement to Morgan, it was clear from the context that the magistrate was addressing the waiver provision of the plea agreement. Under these circumstances, we see no realistic possibility that Morgan might have misunderstood the nature or source of the waiver and, therefore, conclude that the magistrate properly addressed the waiver provision during the plea colloquy.

We also reject Morgan's assertion that the magistrate judge erroneously implied that Morgan retained the right to appeal a sentence of 121 months or less. A review of the magistrate's full explanation of the waiver demonstrates that it was sufficiently clear:

> If you receive a prison sentence of 121 months or less, no matter how Judge Gleeson calculates it, you will have no right to take any appeal from any aspect

of this case. Even if your prison sentence exceeds 121 months in length you will have no right to change your mind about pleading guilty. You will have no right to challenge the legality of your conviction or the judgment of guilty. The only rights you would retain, even if your prison sentence is longer than 121 months, is to take an appeal to a higher court and ask it to direct Judge Gleeson to impose a shorter prison sentence. That's the only right you would retain. If Judge Gleeson decides to impose a sentence below the guideline range and the prosecutor objects to it, the prosecutor could take an appeal to a higher Court and ask the higher Court to direct Judge Gleeson to impose sentence within the guidelines. Do you understand that?

As the transcript shows, the magistrate began his explanation of the waiver by first addressing a scenario in which Morgan received a sentence within the range he bargained for in his plea agreement. The magistrate explicitly informed Morgan that, if he received a sentence of 121 months or less, he would not have the right to appeal. The magistrate then addressed a scenario in which Morgan received a sentence exceeding the 121–month maximum stipulated in the plea agreement. The magistrate properly explained that, even in this circumstance, Morgan could neither change his mind about pleading guilty nor challenge the legality of his conviction. Rather, the only right Morgan retained in the face of a nonconforming sentence was the right to appeal seeking resentencing consistent with the range contemplated by his plea agreement. Viewed in its entirety, we find

1. Morgan takes issue with the following explanation by the magistrate judge: "The only rights you would retain, even if your prison sentence is longer than 121 months, is to take an appeal to a higher court and ask it to direct Judge Gleeson to impose a shorter prison sentence. That's the only right you would retain."

that the magistrate's explanation of the waiver was sufficiently clear. Even if we were to assume that the magistrate's statement that Morgan had the right to appeal a nonconforming sentence could, when taken out of context, be read as ambiguously implying that Morgan also had the right to appeal a conforming sentence, we would not find such an ambiguity sufficient to void the waiver. In sum, we cannot conclude that there was an "absence of some affirmative evidence from which appellant's knowledge and understanding of the waiver provision could reasonably be inferred." *Chen*, 127 F.3d at 290. To the contrary, we find that the record "clearly demonstrate[s]" that Morgan's acceptance of the waiver provision was knowing and voluntary. *Martinez–Rios*, 143 F.3d at 668.

## II. *Alleged Constitutional Violations*

### A. *Apprendi* Violation

Next, Morgan contends that, even if he knowingly and voluntarily consented to the waiver, it is unenforceable because his sentence violates *Apprendi* and is therefore constitutionally deficient. Specifically, Morgan contends that his sentence exceeds the statutory maximum provided for marijuana offenses when a specific quantity has not been determined.[2] He notes that "[a]ny sentence under subsections (A) or (B) [of 21 U.S.C. § 841] must be based either on an allocution that settles the issue of drug quantity or on a finding as to that issue by a fact-finder applying a reasonable-doubt standard." *United States v. Yu*, 285 F.3d 192, 198 (2d Cir.2002). Since the indictment did not specify drug quanti-

ty and there was no jury finding or stipulation on the issue, Morgan asserts that his sentence should have been determined pursuant to the "default" provision for marijuana offenses, 21 U.S.C § 841(b)(1)(D), which provides a statutory maximum of 5 years' incarceration. *See United States v. Outen*, 286 F.3d 622, 625–26, 637 (2d Cir.2002) (holding that the "default" provision for indeterminate amounts of marijuana is 21 U.S.C. § 841(b)(1)(D)).

 We do not reach the merits of Morgan's *Apprendi* claim, however, because we find that the waiver provision forecloses his right to appeal on that ground. It has long been clear in this Circuit that "[i]n no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *United States v. Salcido–Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). This rule recognizes that "plea agreements can have extremely valuable benefits to both sides—most notably, the defendant gains reasonable certainty as to the extent of his liability and punishment, and the Government achieves a conviction without the expense and effort of proving the charges at trial beyond a reasonable doubt." *United States v. Rosa*, 123 F.3d 94, 97 (2d Cir.1997).

In *United States v. Yemitan*, 70 F.3d 746 (2d Cir.1995), we considered an at-

---

**2.** *Apprendi* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to jury, and proved beyond reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Following *Apprendi*, we clarified that "it is error for a court to 'enhance' a defendant's sentence above a statutory maximum based on drug quantity if the Government has not charged drug quantity in the indictment and proved it to a jury beyond a reasonable doubt." *United States v. Thomas*, 274 F.3d 655, 663 (2d Cir. 2001) (en banc).

tempt—similar to the one that Morgan makes here—to circumvent a waiver provision based on the alleged illegality of a sentence. Relying on *Salcido–Contreras,* we found that the defendant was "bound by his undertaking in the plea agreement," and that his appeal was foreclosed because only its dismissal would "afford the prosecution the benefit of its bargain." 70 F.3d at 747–48. We explained that "[i]f this waiver does not preclude a challenge to the sentence as unlawful, then the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." *Id.; see also United States v. Gomez–Perez,* 215 F.3d 315, 319 (2d Cir.2000) (noting that the *Salcido–Contreras* rule operates to uphold "waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement"); *United States v. Maher,* 108 F.3d 1513, 1531 (2d Cir.1997) (declining to address defendants' challenge to their sentences in light of *Salcido–Contreras* ).

Like the defendant in *Yemitan,* Morgan reaped substantial benefits under his plea agreement. The indictment against him contained two counts—one for possession with intent to distribute marijuana, and one for conspiracy to do the same. By entering into the plea agreement and pleading guilty to the conspiracy count, Morgan avoided further prosecution on the possession count and obtained the government's commitment not to bring additional charges against him for certain crimes occurring between 1997 and 2001 within a

four-state geographic area. The plea agreement, by establishing the government's calculation of Morgan's Guidelines range, allowed Morgan to "gain[ ] reasonable certainty as to the extent of his liability and punishment." *Rosa,* 123 F.3d at 97. As noted, Morgan not only received a sentence within the range that he bargained for, he was sentenced at the bottom of that range. If Morgan were now permitted to keep these benefits and also to challenge his sentence on *Apprendi* grounds, the government—after having made valuable concessions to secure Morgan's agreement to the plea—would be deprived of its bargain, and Morgan's "covenant not to appeal [would] become[ ] meaningless." *Yemitan,* 70 F.3d at 748.[3]

In support of his waiver argument, Morgan looks to *United States v. Jacobson,* 15 F.3d 19 (2d Cir.1994), where the defendant, who had entered into a plea agreement containing a waiver provision, nevertheless appealed contending that the district court unconstitutionally relied on his status as a naturalized citizen in determining his sentence. We held that while an agreement not to appeal a sentence within the agreed upon Guidelines range was enforceable, the waiver did not extend to "the right to appeal from an arguably unconstitutional use of naturalized status as the basis for a sentence." *Id.* at 23. *Jacobson,* Morgan contends, means that waivers are unenforceable when a sentence is alleged to be unconstitutional.

But *Jacobson* is inapposite for two reasons. First, *Jacobson* did not hold that the characterization of an error as a consti-

3. We do not, of course, foreclose the possibility that an otherwise valid waiver might be deemed unenforceable against an *Apprendi* claim if a defendant can establish that he was unaware of his *Apprendi* rights at the time he entered into his plea agreement. However, it is not necessary to reach or to address that

contingency here. Morgan, who entered his plea two years after *Apprendi* was decided, does not assert that at the time of the plea negotiations he was ignorant either of the *Apprendi* decision or of the alleged *Apprendi* error he urges here.

tutional error automatically circumvents a waiver. It simply recognized that "a waiver of the right not to be sentenced on the basis of a constitutionally impermissible factor *may* be invalid." *Id.* (emphasis added). In any event, *Jacobson's* ultimate holding was a narrow one—it invalidated waiver provisions only with respect to the "arguably unconstitutional use of naturalized status as the basis for a sentence." *Id; see also United States v. Johnson,* 347 F.3d 412, 415 (2d Cir.2003) ("[W]e determine that where, as here, a defendant alleges that his sentence is constitutionally deficient because it rests improperly upon his [indigent] status, a plea agreement cannot serve to waive his appeal."). Since there has been no allegation that Morgan's naturalized citizenship status or some similar impermissible factor played any role in determining his sentence, *Jacobson* is of little assistance.

Second, *Jacobson* is distinguishable because the defendant, at the time of his plea, could not have anticipated that his sentence would be unconstitutionally based on his naturalized or indigent status. He could not therefore be said to have waived his right to bring an appeal on that ground since he could not have raised the alleged constitutional violation to the district court. Morgan, by contrast, was presumably aware of his *Apprendi* rights when he agreed to the waiver provision. Indeed, he does not assert that he was ignorant of *Apprendi* during plea negotiations or sentencing, nor does he claim that his attorney failed to advise him of those rights.

Under these circumstances, we see no reason to depart from the well-established rule that "a knowing and voluntary waiver of the right to appeal is generally enforceable," *United States v. Hernandez,* 242 F.3d 110, 113 (2d Cir.2001), and conclude that Morgan waived his right to appeal on an *Apprendi* claim when he agreed to the waiver provision.[4]

B. The Government's Motive in Refusing to Request a Downward Departure for Substantial Assistance

Morgan contends that the government's motives for declining to file a U.S.S.G. § 5K1.1 motion for substantial assistance were unconstitutional. Specifically, he claims that the government's demand for information concerning his wife's whereabouts—at a time when her capture would have left his children unattended—amounted to improper interference with the parent-child relationship. He further contends that the claim is not subject to the appeal waiver provision in the plea agreement because the claim is constitutionally based.

■ It is well-settled that, in the absence of a cooperation agreement, a court may not inquire into the government's failure to make a motion unless there is a "substantial threshold showing" of an "unconstitutional motive," such as the race or religion of the defendant. *Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Morgan failed to allege to the District Court that the government acted with an unconstitu-

---

4. On July 30, 2004, Morgan's appellate counsel requested that the court reverse Morgan's sentence based on *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which was decided after oral argument. In *United States v. Mincey,* 380 F.3d 102 (2d Cir.2004), we held that we would not apply *Blakely* to Guidelines issues "[u]nless and until" the Supreme Court holds that *Blakely* invalidates the Guidelines in whole or in part. 380 F.3d at 106. Therefore, we reject Morgan's *Blakely* argument. However, as we did in *Mincey, see id.,* we will hold the mandate in this case pending the Supreme Court's decision in *United States v. Booker* and *United States v. Fanfan,* both of which are scheduled for oral argument on October 4, 2004. *See Booker,* — U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838, 2004 WL 1713654 (U.S. Aug.2, 2004); *Fanfan,* — U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838, 2004 WL 1713655 (U.S. Aug.2, 2004).

tional motive. Similarly, he has not demonstrated to us that his sentencing proceedings were infected by any such motive. Instead, he simply accuses the government of improperly interfering with his relationship with his children. But these generalized assertions fall well short of the required "substantial threshold showing" of an unconstitutional motive.

## C. Ineffective Assistance of Counsel

Morgan contends that he received ineffective assistance of counsel because his attorney failed to secure a cooperation agreement requiring the government to file a § 5K1.1 motion in exchange for his purported cooperation. He asserts that his attorney's failure denied him the opportunity to compel the government to file the motion once the government reneged on its promise to do so. Because of these alleged failures, Morgan claims that his waiver is unenforceable.

 "When faced with a claim for ineffective assistance of counsel on direct appeal, we may: '(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us.'" *United States v. Morris*, 350 F.3d 32, 39 (2d Cir.2003) (citing *United States v. Leone*, 215 F.3d 253, 256 (2d Cir.2000)). However, we are "generally disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir.2004). "In light of our baseline aversion to resolving ineffectiveness claims on direct review," *Morris*, 350 F.3d at 39 (internal quotation marks omitted), we decline to consider Morgan's ineffective assistance claim, which he is free to pursue in a § 2255 petition. We have considered Morgan's other contentions and find them to be without merit.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is affirmed, and the appeal is dismissed with respect to Morgan's claims alleging an *Apprendi* violation and ineffective assistance of counsel. The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, No. 04–104 (to be argued October 4, 2004), and *United States v. Fanfan*, No. 04–105 (to be argued October 4, 2004). Should any party believe there is a need for the District Court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker*. In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker*.