**Stephen ADU, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 05–cv–1325 (SJF)(CLP).

United States District Court, E.D. New York.

July 6, 2005.

Stephen Adu, Lisbon, OH, pro se.

Susan Corkery, United States Attorneys Office, Brooklyn, NY, for Defendant.

**OPINION & ORDER**

FEUERSTEIN, District Judge.

I. Introduction

*Pro se* petitioner Stephen Adu ("Petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the petition is denied.

## II. Background

Petitioner was arrested on August 16, 2003 and charged with importation of a controlled substance. (Tr. of Plea Hear. 4). Petitioner, through counsel, negotiated a plea agreement with the government (the "Plea Agreement"), and pleaded guilty to one count of importation of a controlled substance in violation of 21 U.S.C § 952. (Plea Agreement 10–11). As part of the Plea Agreement, Plaintiff waived his right to appeal the conviction as long as the sentence was no greater than 57 months. (Plea Agt. at 1–5).

At sentencing, Petitioner moved for downward departure based on extraordinary familial circumstances. (Tr. of Sent. Hear. 6–7). Judge Glasser denied the request and, after questioning Petitioner at length to ensure that his plea was knowing and voluntary, imposed a sentence of 37 months. Petitioner now claims that, notwithstanding the explicit terms of the Plea Agreement, he asked his counsel to appeal the sentence and that his counsel failed to do so. Petitioner also claims that he is faced with extraordinary familial circumstances that justify his sentence being vacated or reduced.

Petitioner requests that this Court issue a writ of habeas corpus pursuant to 28 U.S.C § 2255 vacating or reducing his sentence on account of these alleged extraordinary circumstances and his counsel's failure to appeal his conviction.

## III. Plaintiff's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers...." *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they sug-

gest.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. *Traguth v. Zuck,* 710 F.2d 90, 92 (2d Cir.1983).

## IV. Analysis

■ A collateral attack on a final judgment in a criminal case pursuant to 28 U.S.C § 2255 is only available "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect that inherently results in a complete miscarriage of justice." *Graziano v. United States,* 83 F.3d 587 (2d Cir.1996) (per curiam) (quoting *United States v. Bokun,* 73 F.3d 8, 12 (2d Cir.1995)). The Second Circuit has held that, in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources, the scope of review on a 28 U.S.C § 2255 motion should be narrowly limited. *Napoli v. United States,* 32 F.3d 31, 35 (2d Cir.1994) (citing *United States v. Addonizio,* 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)).

### A. Waiver of Right to Appeal

■ It is well-settled that a waiver of the right to appeal is enforceable where the defendant's waiver was knowing and voluntary. *United States v. Morgan,* 386 F.3d 376, 382 (2d Cir.2004); *United States v. Monzon,* 359 F.3d 110, 116 (2d Cir.2004); *United States v. Fisher,* 232 F.3d 301, 303 (2d Cir.2000); *United States v. DeJesus,* 219 F.3d 117, 121 (2d Cir.2000); *United States v. Rosa,* 123 F.3d 94, 97 (2d Cir. 1997). Thus, unless Petitioner can show his waiver was not knowing and voluntary, his claims are foreclosed from review.

■ A waiver of the right to appeal is knowing and voluntary if the defendant

understands the right to appeal and the potential consequences of waiving that right. *United States v. Ready*, 82 F.3d 551, 557 n. 3 (2d Cir.1996); *see also Morgan*, 386 F.3d at 379. In *Morgan*, the Second Circuit held that the petitioner's waiver of appeal was valid on the grounds that, *inter alia*, the judge accepting the plea informed the petitioner, "if you receive a prison sentence of 121 months or less ... you will have no right to take an appeal from any aspect of this case." *Id.* at 379. The Second Circuit held that, because of this explanation, there was no realistic possibility that the defendant "might have misunderstood the nature or source of the waiver" and the Court therefore concluded "that the magistrate properly addressed the waiver provision during the plea colloquy." *Id.*

■ It is clear from the record in this case that Petitioner's waiver of his right to appeal was knowing and voluntary. Indeed, Judge Glasser specifically questioned the Petitioner on the subject:

> Court: "And I want to make sure that you understand that as part of the [Plea Agreement] you agree that you won't appeal your sentence if it's not greater than 57 months. Did you understand you agreed to that?"
>
> Petitioner: "I'm agreed to that."
>
> Court: "You know what that means?"
>
> Petitioner: "Yes."
>
> Court: "And you are giving up that right to appeal voluntarily?"
>
> Petitioner: "Yes."

(Tr. of Plea Hear. at 9). Thus, as in *Morgan*, Judge Glasser explicitly inquired as to whether the defendant understood both the terms and implications of the waiver during the colloquy. Furthermore, Petitioner's claim that Judge Glasser somehow "nullif[ied]" the waiver is meritless. (Pet. at 2). It is clear, then, that Petitioner entered into a knowing and voluntary waiver of his right to appeal his conviction. *See also United States v. Morrison*, 171 F.3d 567, 568 (8th Cir.1999); Fed.R.Crim.P. 11(b)(1)(N).

### B. Ineffective Assistance of Counsel

■ Notwithstanding the entry of an otherwise valid appeal waiver, a petitioner can nonetheless appeal a sentence if he can show that he was not adequately represented in his plea negotiations with the government. *Balbuena v. United States*, 104 F.Supp.2d 218, 220 (S.D.N.Y.2000); *United States v. Cockerham*, 237 F.3d 1179 (10th Cir.2001). In the instant case, Petitioner has not credibly challenged his representation in the plea negotiations with the government, nor shown that his representation was in any way ineffective.

### V. Conclusion

For the reasons set forth above, Adu's petition for a writ of habeas corpus is DISMISSED in its entirety. Since Petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir.2000). The Clerk of Court is directed to close this case.

IT IS SO ORDERED.