10-863-cr
United States v. Soto-Beltran

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand eleven.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
*Circuit Judges*,
JOHN GLEESON,
*District Judge*.[*]

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                              No. 10-863-cr

ROBERTO SOTO-BELTRAN, a.k.a. ROBERTICO,
*Defendant-Appellant*,

PEDRO P. LEMUS-CASTILLO, JAIRO MARQUEZ-SERNA, CARLOS A. DAZA-MOAQUERA, NESTOR J. OCAMPO-OSPINA, VIVIANA MARIN-QUINTERO, a.k.a. LA MONA, LARRY A. MARIN-QUINTERO, YURY MARIN-QUINTERO, JUAN DIEGO VILLAMEL-MEDINA, a.k.a. JUANCHO, AMANDA SILVA, JUAN P. MARIN-GONZALEZ, LUIS F. MONTOYA-GOMEZ, JHON J. MARTINEZ,

---

[*] District Judge John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

RICARDO SALAZAR-MURILLO, VIVIANA GIL,
RUBEN D. LOPEZ-ORTIZ, a.k.a. CULEBRA,

                *Defendants.*

------------------------------------------------------------------------

FOR APPELLANT:      Gerald Di Chiara, The Law Offices of Gerald Di Chiara, New York, New York.

FOR APPELLEE:      Daniel L. Stein (Katherine Polk Failla, *on the brief*), Assistant United States Attorneys, of Counsel, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 8, 2010, is AFFIRMED.

Defendant Roberto Soto-Beltran stands convicted, on pleas of guilty, of conspiracy to import more than one kilogram of heroin and more than five kilograms of cocaine into the United States, see 21 U.S.C. §§ 952(a), 960(b)(1), 963, and conspiracy to distribute and to possess with the intent to distribute more than 100 grams of heroin and more than 500 grams of cocaine, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846.  On appeal, Soto-Beltran argues that his below-Guidelines sentence of concurrent terms of 120 months' imprisonment is unreasonable.  See United States v. Booker, 543 U.S. 220, 261-62 (2005).  Reasonableness review is akin to that for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 187-89 (2d Cir. 2008) (en banc), and considers "both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural

2

reasonableness)," United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007).  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Soto-Beltran contends that his sentence is unreasonable when compared to the 9-month term of incarceration imposed on his wife, Viviana Gil, to whom he insists he was identically situated except as to gender.  Soto-Beltran further contends that his sentence is excessive relative to other co-defendants who received similar sentences despite playing more significant roles than he had in the charged conspiracy.  We are not persuaded.

While a sentencing judge "may" consider sentencing disparities among co-defendants under 18 U.S.C. § 3553(a)(6), United States v. Johnson, 567 F.3d 40, 54 (2d Cir. 2009), where, as here, the district judge has done so, we will not second guess his assessment of the relevant facts absent clear error in his assignment of weight to these facts,  see United States v. Cavera, 550 F.3d at 193; United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006).

Here, the record amply supported the district court's decision to treat Soto-Beltran differently from his wife.  Not only did he recruit her into the criminal scheme, she mitigated her criminal conduct with substantial assistance.  See United States v. Fernandez, 443 F.3d at 32.  Although a prosecutor's discretion in deciding whether to make a substantial-assistance motion is subject to constitutional limitations, mere generalized allegations of an improper prosecutorial motive are insufficient, particularly when raised for the first time on appeal.  See Wade v. United States, 504 U.S. 181, 186 (1992).  Soto-Beltran has not made

3

the required "substantial threshold showing" of unconstitutional motive. United States v. Morgan, 386 F.3d 376, 382-83 (2d Cir. 2004) (internal quotation marks omitted). Indeed, the record is to the contrary: the government explained that Gil was chosen as a cooperator not because of her gender, but because she was granted bail pending trial, putting her in a position to cooperate actively with investigators. Not only did the government have no role in Gil's being admitted to bail; it actively opposed her release. With respect to Soto-Beltran's other co-defendants, the record supports the district court's determination that Soto-Beltran's active and long-standing role in the massive drug scheme warranted a sentence comparable to that imposed on these co-defendants.

In sum, we identify no lack of procedural or substantive reasonableness in the challenged sentence.

We have considered Soto-Beltran's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of conviction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court