13-524-cr (L)
*United States v. Sullivan et al*


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

Present:
        RALPH K. WINTER,
        PETER W. HALL,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                *Appellee*,

        v.                                        Nos. 13-524-cr, 13-4746-cr, 13-4857-cr

SAQUAN EVANS, AKA SEALED DEFENDANT #1, AKA QUAZY,
AKA QUAN, AKA QUAZ, AKA QUANNY, AKA MASAROTI, AKA
MOTO, DARNELL WILLIAMS, AKA SEALED DEFENDANT #4, AKA
STYLES, MATTHEW CHEEK, AKA SEALED DEFENDANT #5, AKA
CHEEKS, MIQUAN RUSSO, AKA SEALED DEFENDANT #6, AKA
SHYCE, AMADIS HUNTER, AKA SEALED DEFENDANT #8, AKA
BALDY, ERNEST HESTER, AKA SEALED DEFENDANT #9, AKA
EB, JAYCEE FLOYD, AKA SEALED DEFENDANT #10, AKA MOJO,
AKA MOJESUS, JEROME CLARKE, AKA SEALED DEFENDANT
#11, AKA LOONZ, ANTHONY BRASWELL, AKA SEALED
DEFENDANT #12, AKA POOPER, MIGUEL RUSSO, AKA SEALED
DEFENDANT #13, AKA G-MONEY, AKA GELL, AKA FUNNY,
ANDY HUDDLESTON, AKA ANDY BOY,

1

*Defendants,*

DEMETRIUS SULLIVAN, AKA SEALED DEFENDANT #3, AKA
MEECHIE, JARRELL WILLIAMS, AKA SEALED DEFENDANT #2,
AKA RUGGA, AKA REL, AKA RUGGAREL, SHAWNTELL RUSH,
AKA SEALED DEFENDANT #7, AKA SPARKS, AKA TELLS,

*Defendants-Appellants*.

---

For Defendants-Appellants:   Randall D. Unger, Esq., Bayside, NY, *for* Demetrius Sullivan.

H. Dana VanHee, Esq., Law Office of H. Dana VanHee, PLLC, Syracuse, NY, *for* Jarrell Williams.

Stuart J. LaRose, Esq., Syracuse, NY, *for* Shawntell Rush.

For Appellee:   Rajit S. Dosanjh, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

---

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In these consolidated cases, Defendants-Appellants Demetrius Sullivan and Jarrell Williams[1] pleaded guilty to a single-count indictment charging them with conspiring to engage in racketeering activities in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c).  The charges were based on conduct arising from the defendants'

---

[1] The appeal of the third defendant, Shawntell Rush, was consolidated with Sullivan and Williams' appeals.  (ECF No. 51.)  Since filing the appeal, Rush's counsel has filed a motion to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967).  (ECF No. 175.)  In addition, the government has moved to dismiss Rush's appeal based on his waiver of appeal rights in the plea agreement.  (ECF No. 132.)  Based on our review of the record, we have granted defense counsel's motion to be relieved as counsel and the government's motion to dismiss the appeal in a separate order.

membership in the "Bricktown Gang," a group known for distributing large amounts of cocaine and crack cocaine and for engaging in murder, robbery, and other acts of violence in Syracuse, New York.  We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

Sullivan contends that his counsel was ineffective by failing meaningfully to advocate on his behalf during the sentencing proceedings, including by not re-raising mitigating arguments from her sentencing memorandum after withdrawing certain objections to the PSR and by not arguing for a downward departure based on sentencing disparities between crack and powder cocaine.  "When faced with a claim for ineffective assistance of counsel on direct appeal, we may [] decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255." *United States v. Morgan*, 386 F.3d 376, 383 (2d Cir. 2004) (internal quotation omitted).  We are "generally disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004).  We decline to decide Sullivan's ineffective assistance claims, leaving him to raise these claims in a collateral proceeding.

For his part, Williams claims that his sentence of 420 months' imprisonment was substantively unreasonable due to the mitigating factors in this case, including his youth and involuntary immersion in gang culture, the hardship that will be suffered by Williams' young son, who was born while he was in custody, and the deep remorse he has shown.  Williams further argues that the sentence imposed fails to further the sentencing goal of rehabilitation.  "A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc).  We will "set aside a district court's *substantive* determination only in

3

exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

We conclude that Williams' sentence was substantively reasonable. In imposing a mid-Guidelines sentence of 420 months, the district court balanced the mitigating factors cited by Williams against his "egregious conduct," J.A. 101, in murdering Anthony Ford and randomly shooting at other members of the community, and also noted the devastating impact of Williams' actions on his victims and their families. In light of these facts, we cannot say that the sentence was "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

For these reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK