*United States v. Jackson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty.

PRESENT: JOHN M. WALKER, JR.,
GERARD E. LYNCH,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                             No. 19-1695-cr

RAMEL JACKSON, AKA Ruger,

*Defendant-Appellant*,

GARY DAVIS, AKA Reckless, AKA Poppa,
ANDREW BURRELL, AKA Andy, AKA Panda,
QUENTIN STARKES, AKA Polo, ANDRE COFIELD,
AKA Dre, PATRICK INNIS, AKA Face, MATTHEW

COOPER, AKA Matt, JUSTIN COOPER, NAYSEAN
CHAVIS, AKA Nate, HASSAN MUHAMMAD, AKA
Has, CHIMBA CARLOS, WILLIAM RAY, AKA Will,
JEFFREY GOODRIDGE, MICHAEL LAMAR, AKA
Dolo, LUIS GOMEZ, KAREEM DAVIS,

     *Defendants.**

-------------------------------------------------------------------

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | CLINTON W. CALHOUN, III, Calhoun & Lawrence, LLP, White Plains, NY. |
| FOR APPELLEE: | JORDAN ESTES, Assistant United States Attorney (Alexandra Rothman, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED**.

Defendant-Appellant Ramel Jackson appeals from a judgment of the district court (Schofield, *J.*) sentencing him principally to 110 months' imprisonment and

---

* The Clerk of Court is respectfully requested to amend the caption as set forth above.

2

five years of supervised release after he pleaded guilty, pursuant to a plea agreement, to racketeering conspiracy and conspiracy to distribute and possess with intent to distribute cocaine base. Jackson contends that the district court erred in concluding that a downward departure was not appropriate under U.S.S.G. § 2E1.1 and that a standard condition of supervised release should be stricken from his amended judgment. Nevertheless, Jackson knowingly and voluntarily waived his right to appeal his sentence of 110 months' imprisonment. Furthermore, the District Court for the Southern District of New York ("SDNY") has issued a standing order vacating and eliminating the standard condition for any defendant sentenced to that condition, thereby mooting Jackson's claim. Accordingly, we dismiss Jackson's appeal.

## I. Jackson Waived His Right to Appeal His Sentence

"[W]aivers of the right to appeal a sentence are presumptively enforceable." *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (internal quotation marks omitted). Allowing a defendant "who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence" to "then appeal the merits of a sentence conforming to the agreement . . . would render the plea bargaining process and the resulting agreement meaningless."

3

*United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). We have enforced appeal waivers "notwithstanding the defendant's claim that the sentencing court failed to make certain downward departures prior to sentencing." *United States v. Riggi*, 649 F.3d 143, 147–48 (2d Cir. 2011).

Consequently, we will decline to enforce an appeal waiver only in limited circumstances. *See United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) ("The[] exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence."). We have previously "articulated four grounds on which an appeal waiver may be deemed unenforceable: (1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases; (3) where the government breached the agreement containing the waiver; and (4) where the district court failed to enunciate any rationale for the defendant's sentence." *Burden*, 860 F.3d at 51 (internal quotation marks omitted).

The appeal waiver contained in Jackson's plea agreement – in which he agreed not to challenge any sentence within or below the stipulated guidelines range of 110 to 137 months' imprisonment – prohibits him from challenging his

4

sentence. Jackson maintains that the district court erred by misunderstanding its ability to grant a downward departure and that the case should be remanded so that the district court can consider whether a departure was warranted, but such alleged procedural errors are not an exception to an otherwise valid appeal waiver. *See, e.g.*, *Gomez-Perez*, 215 F.3d at 319. Jackson bargained away the right to appeal a sentence of 110 months' imprisonment when he entered into the plea agreement, and allowing Jackson to challenge his sentence now would deprive the government of the benefit of that agreement. *See United States v. Morgan*, 386 F.3d 376, 381 (2d Cir. 2004). The district court imposed a sentence within the guidelines range stipulated to by the parties, and that sentence falls within the appeal waiver that Jackson negotiated as part of his plea agreement.

Jackson provides us with no reason to doubt that he knowingly, voluntarily, and competently waived his right to appeal.[1] During his plea allocution, Jackson affirmed under oath that he was aware of and understood the provision restricting his ability to appeal his sentence. As for the other grounds on which an appeal

---

[1] Jackson asserts for the first time in his reply brief that "there is a significant question as to whether [his] [appeal] . . . waiver . . . was knowing, voluntary and competent." Reply Br. at 4. By failing to articulate this contention in his opening brief, Jackson has waived it. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

waiver may be deemed unenforceable, Jackson advances no facts or arguments that undermine the validity of his plea agreement. Accordingly, we dismiss Jackson's appeal of his sentence of 110 months' imprisonment.

II. The SDNY's Standing Order Moots Jackson's Standard Condition Claim

Jackson next maintains that Standard Condition No. 12 – which states that "[i]f the probation officer determines . . . that [Jackson] pose[s] a risk to another person . . . ," the probation officer "may require [Jackson] to notify the person about the risk," App'x at 102 – must be stricken from his conditions of supervised release. This claim is moot and must be dismissed. *See United States v. Juvenile Male*, 564 U.S. 932, 936–37 (2011) (determining that defendant's challenge to supervised release condition he was no longer subject to was moot); *see also United States v. Doe #1*, No. 18-1590, 2020 WL 2050645, at *2 (2d Cir. Apr. 27, 2020) (finding that the same district-wide standing order at issue here rendered appellants' claims related to the standard condition moot). Although Jackson is correct that we invalidated Standard Condition No. 12 in *United States v. Boles*, 914 F.3d 95 (2d Cir. 2019), the SDNY has addressed our mandate by issuing a standing order that effectively rescinded Standard Condition No. 12. *See* Second Amended Standing Order M10-468, *In re Vacatur of Standard Condition of Supervision Pertaining to Third*

6

*Party Risk*, No. 19-mc-218 (CM) (S.D.N.Y. July 1, 2019), ECF No. 3. That standing order explained that it was the SDNY's intention for defendants to be "relieved of [Standard Condition No. 12] immediately and without the need for motion practice or other judicial proceedings" and modified "any and all judgments of conviction" that had imposed Standard Condition No. 12 "by vacating and eliminating therefrom" that condition. *Id.* at 1. It further ordered that "any defendant who was sentenced subject to said condition [was] immediately and permanently relieved from said condition." *Id.* The standing order did not replace the vacated condition with a revised condition. *Id.* at 2.

Jackson has thus already received the relief he seeks, since Standard Condition No. 12 has been "vacat[ed] and eliminat[ed]" from his judgment. Accordingly, his appeal of that condition is dismissed as moot.

\* \* \*

For the foregoing reasons, Jackson's appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7