UNITED STATES of America,
Appellee,

v.

Mark H. FLEISCHER, Defendant–
Appellant.

No. 04–3911.

United States Court of Appeals,
Second Circuit.

Feb. 3, 2005.

Bruce R. Ryan, Syracuse, New York, for Petitioner.

Robert G. Trusiak, Assistant United States Attorney, for Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, New York, for Respondent.

PRESENT: OAKES, RAGGI, and WESLEY, Circuit Judges.

SUMMARY ORDER

Defendant-appellant Mark Fleischer pleaded guilty to a misdemeanor charge of making fraudulent demands against the United States, *see* 18 U.S.C. § 1003, and was sentenced to a term of twelve-months' incarceration, a $3,000 fine, a $237,000 order of restitution, and a one-year term of supervised release that identified among its special conditions Fleischer's compliance with the United States Attorney's office in the repayment of a civil judgment

to Blue Cross/Blue Shield and Medicare in the same $237,000 amount ordered as restitution. On appeal, Fleischer raises the following sentencing challenges: (1) the district court's reliance on facts not proved beyond a reasonable doubt to a jury in calculating his Sentencing Guidelines violated the Sixth Amendment as construed by the Supreme Court in *Blakely v. Washington*, —— U.S. ——, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004); (2) alternatively, the evidence adduced was insufficient to permit the district court to conclude that Fleischer merited an aggravating role adjustment under U.S.S.G. § 3B1.1; (3) the court erred in imposing a fine without consideration of Fleischer's ability to pay the ordered amount and without directing that defendant pay restitution prior to the imposed fine as required by U.S.S.G. § 5E1.1(c), and (4) the court's restitution order violated 18 U.S.C. §§ 3663, 3664. We conclude that Fleischer waived his right to appeal the first three points in his plea agreement; as to the final point, the parties agree that the restitution order must be vacated and the case remanded. We assume the parties' familiarity with the facts and the record of proceedings in this case, which we reference only as necessary to explain our decision.

1. *Waiver of Appeal*

 Fleischer conceded at oral argument that his guilty plea was knowingly and voluntarily entered. Accordingly, pursuant to his plea agreement, he has waived the right to appeal the district court's imposition of a twelve-month term of incarceration and a $3,000 fine. *See United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir.1998) ("It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable."); *United States v. Yemitan*, 70 F.3d 746, 747–48 (2d Cir.1995) (holding that appeal was foreclosed by plea agreement

where district court imposed a sentence within the range stipulated by the agreement).

In an effort to avoid this result, Fleischer makes two arguments. First, he submits that the waiver provision of his plea agreement is inoperative because it was entered before the Supreme Court clarified the Sixth Amendment's application to the federal Sentencing Guidelines. *See United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Blakely v. Washington*, —— U.S. ——, 125 S.Ct. 21, 159 L.Ed.2d 851. Because Fleischer does not challenge the validity of his guilty plea, however, this argument is clearly foreclosed by our recent decision in *United States v. Morgan*, 386 F.3d 376, 380–81 (2d Cir.2004) (declining to review the merits of a Sixth Amendment challenge to a sentence that fell within the range stipulated in a plea agreement waiver); *see also United States v. Gomez–Perez*, 215 F.3d 315, 319 (2d Cir.2000) (noting that waivers of appeal operate "even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet ... within the range contemplated in the plea agreement").

Second, Fleischer asserts that the waiver provision of his plea agreement should be construed to apply only to a twelve-month sentence imposed pursuant to a Guidelines range of six to twelve months. He submits that a twelve-month sentence imposed, as in this case, pursuant to a twelve-to-eighteen month Guidelines range should not trigger waiver. Although we scrutinize waivers of appeal "closely and apply them narrowly," construing ambiguities "strictly against the government," *United States v. Ready*, 82 F.3d 551, 555 (2d Cir.1996), these principles do not support the construction urged by Fleischer. The plea agreement specifically recognizes the possibility that the court may calculate

the Guidelines differently from the parties; nevertheless, so long as the ultimate sentence falls somewhere within the predicted six-to-twelve month range, Fleischer waives his right to appeal. Fleischer's twelve-month sentence clearly falls within the waiver range. To hold otherwise would afford Fleischer the not-inconsiderable benefits of his misdemeanor plea bargain without holding him to its obligations. *See United States v. Salcido–Contreras,* 990 F.2d 51, 53 (2d Cir.1993) (per curiam) ("In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement."); *accord United States v. Morgan,* 386 F.3d at 381 (noting that "the government—after having made valuable concessions to secure [defendant's] agreement to the plea" should not be "deprived of its bargain").

Accordingly, we conclude that, by the terms of his plea agreement, Fleischer has waived his right to appeal both the incarceratory term and fine imposed in this case.

## 2. *Restitution and Supervised Release*

■ The government acknowledges that the district court's $237,000 order of restitution does not fall within the plea agreement's waiver of appeal. It further concedes that this restitution order must be vacated because restitution is limited by law to amounts "directly caused by the conduct composing the offense of conviction," *United States v. Silkowski,* 32 F.3d 682, 688–89 (2d Cir.1994) (citing *Hughey v. United States,* 495 U.S. 411, 413, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990)), in this case, $200; or to those amounts that defendant "expressly agree[s] to" pursuant to a plea agreement, *id.* (citing 18 U.S.C.

§ 3663(a)(3)), in this case, $12,500. We agree and, accordingly, vacate this part of the district court's judgment of conviction and remand with directions to enter restitution in the agreed-upon amount of $12,500.[1]

To the extent the same $237,000 originally ordered in restitution also figured in a special condition of supervised release, we do not disturb that part of the judgment of conviction. Title 18 U.S.C. § 3583(d), in addition to identifying various mandatory conditions of supervised release, affords a court broad discretion to impose such further conditions as it deems appropriate to the extent such conditions reasonably relate to the factors set forth in the relevant sections of § 3553(a), involve no greater deprivation of liberty than reasonably necessary to serve the purposes set forth in § 3553(a), and are consistent with the pertinent policy statements of the Sentencing Commission. *See United States v. A–Abras, Inc.,* 185 F.3d 26, 35 (2d Cir.1999) (recognizing district court's "broad discretion when setting the conditions of supervised release," which "need only be 'reasonably related' to the nature of the offense and the circumstances of the defendant"). Although Fleischer asserts that the civil judgment is separate and distinct from the crime of conviction, a review of the record demonstrates that the conduct at issue in both was closely related and that Fleischer's agreement to compensate certain victims of his billing scheme through a civil judgment was integral to the misdemeanor plea agreement. Thus, regardless of whether the conduct giving rise to the civil judgment could be viewed as criminal, the court acted well within its discretion in treating it as "reasonably related" to the crime of conviction for purposes of imposing a special condi-

---

1. Fleischer represents to this court that this amount has already been paid, a fact that the district court may certainly confirm.

tion of supervision. *See, e.g., United States v. Bok,* 156 F.3d 157, 166 (2d Cir. 1998) (upholding special condition of supervision requiring payment of outstanding tax obligations related, but not directly attributable, to crime of conviction). *United States v. Abrar,* 58 F.3d 43 (2d Cir. 1995), is not to the contrary because the challenged release condition in that case involved repayment of debts bearing no articulated connection to the considerations relevant under U.S.S.G. § 5D1.3(b), *see id.* at 47.

For these reasons, we hereby VACATE that part of the judgment ordering $237,000 restitution and REMAND with directions to enter restitution in the amount of $12,500. In all other respects, the district court's judgment of conviction is hereby AFFIRMED.